

# Fourth Court of Appeals
## San Antonio, Texas

September 9, 2021

No. 04-21-00281-CV

**IN THE INTEREST OF Z.M.M., A CHILD,**

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 20-0370-CV-A
Honorable Thomas Nathaniel Stuckey, Judge Presiding

# O R D E R

Appellant's appointed counsel has filed a brief pursuant to *Anders v. California*, 368 U.S. 738 (1967). After reviewing the brief, we find the brief is insufficient in light of our decision in *In re N.F.M.*, 582 S.W.3d 539 (Tex. App.—San Antonio Dec. 19, 2018, no pet.). Specifically, while the brief concludes there are no arguable grounds to challenge the trial court's findings on a predicate ground for termination, it does not contain any analysis showing whether counsel considered if there are arguable grounds to challenge the trial court's finding that termination is in the best interest of the child. *See* TEX. FAM. CODE ANN. § 161.001 (trial court may order termination of the parent-child relationship only if it finds by clear and convincing evidence both a predicate ground for termination and that termination is in the best interest of the child); *In re J.F.C.*, 96 S.W.3d 256, 295 (Tex. 2002) (same).

Accordingly, we **ORDER** appointed counsel's *Anders* brief stricken and that the brief be redrawn.[1] We **ORDER** the redrawn brief to be filed in this court **by September 29, 2021**. We further **ORDER** appointed counsel to notify appellant that the *Anders* brief has been stricken, that there is no current deadline for filing a pro se brief, and to provide this court with proof that he has notified appellant as ordered.

---

[1] We advise counsel to pay particular attention to the necessary components of an *Anders* brief as set out in our decision in *N.F.M.* *See* 582 S.W.3d at 541–44. Appointed counsel is instructed that pursuant to our decision in *N.F.M.*, conclusory statements that the appeal is frivolous are inadequate; rather, appointed counsel must explain why and how he reached his conclusion that the appeal is frivolous. *See Earle v. Ratliff*, 998 S.W.2d 882, 890 (Tex. 1999) (holding statement is conclusory if basis for statement is unexplained); *CA Partners v. Spears*, 274 S.W.3d 51, 63 (Tex. App.—Houston [14th Dist.] 2008, pet. denied) (holding that conclusory statement is one that does not provide underlying facts to support conclusion).

_____
Beth Watkins, Justice

      IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 9th day of September, 2021.

_____
MICHAEL A. CRUZ, Clerk of Court